DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ALEXANDRA J. SHEPARD (CABN 205143)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6767
    FAX: (415) 436-7027
    Alexandra.Shepard2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-00600 WHA |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| MERON SHIFERAW, | |
| Defendant. | |

## I. INTRODUCTION

On January 17, 2019, the grand jury returned a Superseding Indictment charging Meron Shiferaw and her brother, Michael Shiferaw, with two counts of violating 18 U.S.C. § 2113(a) and 2, Bank Robbery, Aiding and Abetting. On April 9, 2019, Meron Shiferaw pled guilty to Count 2 of the Superseding Indictment.[1] She will appear before the Court for sentencing on July 17, 2019.

## II. FACTUAL BACKGROUND

On the afternoon of November 23, 2018, Ms. Shiferaw was working as a teller at the Citibank at 2198 Chestnut Street in San Francisco, California. She was aware that her brother, Michael Shiferaw, was planning to come to the bank that afternoon to rob it with her assistance. At a time when she was the only teller on duty, her brother entered the Citibank and approached her teller station. Ms. Shiferaw then opened her second teller drawer and placed $21,100, an unusually large amount, directly into a white plastic bag that her brother was carrying. He then fled the bank.

Following the robbery, Ms. Shiferaw was questioned by agents of the Federal Bureau of Investigation who believed she was a victim of the robbery. She told agents that the robber showed her a demand note on his iPhone which stated that he had a weapon and wanted all the money in the drawers, and told her to hurry. She said that she grabbed a stack of money from her second drawer, put it directly into the robber's bag, and then turned around to grab more cash. She claimed that the robber told her not to do anything "stupid" and to walk to the bathroom. She claimed that she then activated the alarm and notified a co-worker.

The FBI began to suspect that Ms. Shiferaw was involved in the robbery because it is extremely rare for a teller to store such a large amount of cash in their second drawer, and to retrieve it and provide it immediately upon receiving a demand note. Instead, bank tellers typically take cash from the primary drawer that contains lower denomination bills. After further investigation, the FBI discovered that Ms. Shiferaw's brother, Michael Shiferaw, closely resembled the robber and that his criminal history revealed burglary, robbery, and drug-related arrests.

---

[1] The government will move to dismiss Count 1 of the Indictment as to Meron Shiferaw.

1

UNITED STATES' SENTENCING MEMORANDUM
CR 18-00600 WHA

The FBI then executed an arrest warrant at Ms. Shiferaw's residence in Daly City. After becoming aware of law enforcement's presence, Ms. Shiferaw attempted to escape by fleeing out the back of the house and jumping over fences onto neighboring properties. She was captured and arrested. Following Ms. Shiferaw's arrest, the owner of her residence reported to the FBI that Ms. Shiferaw possessed luggage, credit cards, and identification belonging to another person; she advised the FBI that she did not want Ms. Shiferaw returning to the residence and would change the locks on the house.

### III.   PRESENTENCE REPORT

The government reviewed the PSR prepared by United States Probation Officer Jill Polish Spitalieri. The government agrees with the PSR's Offense Level calculation and further agrees that defendant should receive a two-level reduction for acceptance of responsibility and timely notification of her intent to plead guilty. The government does not have unresolved objections to the report's factual recitation.[2]

### IV.   SENTENCING RECOMMENDATION

The government disagrees with Probation's recommended sentence of time served. The government instead believes that a four-month prison sentence, plus three years of supervised release, a $100 mandatory special assessment, and restitution of $21,200, reflects the seriousness of defendant's offense, provides just punishment, and will promote respect for the law and afford adequate deterrence.

Ms. Shiferaw was an active and critical participant in the Citibank robbery, not a passive victim. She took advantage of her position at the bank to ensure that the robbery was a success. She made sure she was the only teller on duty, gave her brother *over $21,000* instead of the small bills in her primary drawer, lied about the crime to the FBI, and then fled—running out her back door and literally leaping over fences—when the FBI came to arrest her.

Ms. Shiferaw has also shown little regard for pretrial supervision since her arrest. She has tested

---

[2] However, the government notes that the Presentence Report incorrectly describes Ms. Shiferaw's living situation prior to her arrest in its discussion of defense counsel's objections to the report. The "housemate" who possessed drug paraphernalia and a gun, identified at Paragraph 13 in the PSR, was the housemate of Ms. Shiferaw's brother and co-defendant, Michael Shiferaw, at 950 Cabrillo Street in San Francisco. Ms. Shiferaw lived at a separate residence at 859 Beechwood Drive in Daly City. *See* PSR, Addendum to the Presentence Report at ¶¶ 2-4 (June 28, 2019). As such, the government agrees with Ms. Shiferaw's counsel that this is not appropriate information to consider at sentencing.

2

UNITED STATES' SENTENCING MEMORANDUM
CR 18-00600 WHA

positive for drugs multiple times, leading to her arrest on a Form 8.  Dkt. at 30.  Rather than take responsibility for her actions, she came up with excuses, citing poppy seeds and a hand-rolled cigarette prepared by a co-worker.  Presentence Investigation Report (PSR) at ¶¶ 6, 45.  She was then kicked out of the halfway house for possessing a bottle of alcohol in violation of one of the conditions of her pretrial release.  PSR at ¶ 6.

Probation recommends that Ms. Shiferaw be sentenced to time served, less than one week.[3]  This recommendation is based on her professed history of mental health issues and abuse, and because she has exhibited "positive progression" by being employed and going to school.  PSR, Sentencing Recommendation at 2.  None of these things should give Ms. Shiferaw an almost complete pass for her criminal conduct.  This is a crime that demands punishment.  Ms. Shiferaw abused her position at the bank and stole over $21,000 from her employer.  She was an active, critical participant in the robbery and the reason that the robbery succeeded.  Probation's proposal that Ms. Shiferaw be sentenced to time served should be reserved for a much less culpable defendant.

## V. CONCLUSION

For the reasons set forth above, the government recommends that the Court impose a sentence of four months in prison, three years of supervised release, a $100 mandatory special assessment, and restitution of $21,200.  A custodial sentence at the bottom of the Guidelines range is sufficient, but not greater than necessary, to reflect the seriousness of Ms. Shiferaw's offense, promote respect for the law, and provide just punishment, and also affords both specific and general deterrence.

DATED: July 9, 2019					Respectfully submitted,

								DAVID L. ANDERSON
								United States Attorney

								 /s/ *Alexandra Shepard*
								ALEXANDRA J. SHEPARD
								Special Assistant United States Attorney

---

[3] Ms. Shiferaw was in custody from December 18, 2018 to December 21, 2018 following her arrest.  She was in custody on the Form 8 from February 21 to February 22, 2019.